**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacqueline Madsen, | No. CV 04-1959-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Fortis Benefits Insurance Co., | |
| Defendant. | |

Pending before the Court are Defendant's Motion for Summary Judgment (Doc. #87), Plaintiff's Motion for Partial Summary Judgment (Doc. #89), and Plaintiff's two Motions to Strike (Docs. ##94 and 95). Documents 87, 94, and 95 were all filed under seal purportedly under the protective order entered on June 9, 2005 (Doc. #32).[1]

Also pending (under seal) at Document 93 is the parties' stipulation to seal Defendant's Motion for Summary Judgment (Doc. #87). The stipulation seeks to seal the Defendant's Motion for Summary Judgment for reasons other than the trade secret information allegedly protected by the protective order; specifically that Defendant's motion includes confidential medical information of the Plaintiff and Plaintiff's social security number.

---

[1] Certainly, there is no claim that everything filed in connection with these motions is subject to the protective order. However, neither party has undertaken to file a sealed version and a redacted unsealed version.

1 The Ninth Circuit Court of Appeals has made clear that dispositive motions should not be filed under seal unless "compelling reasons" can be shown by the party seeking to file under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In this case, various motions and responses have been filed under seal without any showing (much less a compelling reason) because this Court previously entered a protective order. However, the Court of Appeals has held that blanket stipulated protective orders, "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of [a compelling reason] with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. District Court - - Northern District (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).[2] Moreover, the Court of Appeals has noted that,

> "the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events."

*Kamakana*, 447 F.3d at 1179 (internal quotations omitted).

The main difference between this case and the cases considered by the Court of Appeals is that in each of the Court of Appeals cases, a news agency was attempting to intervene to obtain the sealed information. *See San Jose Mercury News, Inc.*, 187 F.3d 1906 (San Jose Mercury News seeking mandamus against district court); *Kamakana*, 447 F.3d 1172 (The Honolulu Advertiser seeking intervention); *see also Hagestad v. Tragesser*, 49 F.3d 1430 (9th Cir. 1995) (Oregon State Bar intervenor). In this case, no one outside the litigation is seeking to unseal the motion or responses, and all parties have stipulated to having all the documents sealed. Nonetheless, the question remains whether the Court has an independent duty to make the record available to the public, even when no one has requested such record.

---

[2] This case involved a non-dispositive motion, which only requires a "good cause" showing. *Kamakana*, 447 F.3d at 1180.

1 At this time, the Court will not undertake to sua sponte unseal all of the documents 2 filed under seal pursuant to the protective order which the parties have represented must be 3 filed under seal because they contain trade secret information. *See Kamakana*, 447 F.3d at 4 1179 (recognizing preventing the release of trade secrets as a valid basis for sealing 5 documents). However, should any party or third-party move to have these documents 6 unsealed, the Court has not found that either party has met the compelling reasons test for 7 keeping these documents sealed.

8 The stipulation to seal Defendant's motion for summary judgment presents a different 9 question. Like the blanket protective order, the stipulation (Doc. #93) filed with respect to 10 Defendant's Motion for Summary Judgment does not advance compelling reasons to seal the 11 motion. Unlike the blanket protective order, however, the stipulation also does not advance 12 a reason for sealing recognized by the cases. Specifically, the parties claim that the 13 documents protected by the protective order contain trade secrets, a recognized basis for 14 sealing. *Id.* Other recognized bases include preventing the Court record to be used to gratify 15 private spite, promote public scandal, or circulate libelous statements. *Id.* Thus, generally, 16 the Court may seal documents when the, "court files might have become a vehicle for 17 improper purposes." *Id.* (internal quotations omitted).

18 With respect to Defendant's Motion for Summary Judgment, the parties make no 19 allegation that Plaintiff's medical records or social security number fall into any of the 20 forbidden categories. Moreover, Plaintiff has put her medical records at issue in this case by 21 her claim for benefits. And, while the Court recognizes that Plaintiff's social security number 22 is most likely not necessary to the decision on summary judgment, the Court cannot conclude 23 that it's inclusion was motivated by using the Court record for an improper purpose. As a 24 result, the Court will deny the stipulation to seal Defendant's motion for summary judgment.

25 Finally, the parties are advised that as part of the Court's duty to make the record 26 available to the public, the Court will not seal the oral argument to be held in this case, nor 27 will the Court seal the order addressing the summary judgment motions. Further, the Court 28 will not undertake to determine what evidence, if any, that the Court chooses to rely on in

- 3 -

the Order is subject to the protective order.  Therefore, if there is a <u>specific</u> piece of evidence submitted on summary judgment that either party feels they can meet the compelling reasons test for keeping under seal, such party must file a motion to seal that particular piece of evidence specifically articulating why that piece of evidence cannot be cited by the Court in an unsealed order.[3]

Based on the foregoing,

**IT IS ORDERED** that the stipulation to seal the motion for summary judgment (doc. #93) is denied.

**IT IS FURTHER ORDERED** that if there is a particular piece of evidence that the either party wishes to move to keep under seal for purposes of the summary judgment order, such party shall file a motion to seal such evidence, within 10 days of this Order, showing compelling reasons why such evidence must be kept from the public record.

DATED this 13th day of July, 2006.

_____
James A. Teilborg
United States District Judge

---

[3] And, while the Court will entertain such a motion for purposes of summary judgment, such motion will have no impact on that fact that, if summary judgment in this case is denied, the trial of this matter will not be conducted under seal.

- 4 -